UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60986-CIV-COHN/SELTZER

TORRENCE W. ALLEN,

    Plaintiff,

v.

COLONIAL PROPERTY MANAGEMENT,
G. WHITWORTH, OWNER,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court on Plaintiff Torrence W. Allen's *pro se* Complaint [DE 1] and Application to Proceed Without Prepaying Fees or Costs [DE 3] ("Application"). The Court has considered the Complaint, the Application and the sworn declaration contained therein, and the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

The Complaint alleges that Plaintiff's landlord, Defendant Colonial Property Management, wrongfully deducted $443 from Plaintiff's $1000 security deposit. See Compl. at 1. Specifically, Plaintiff claims Defendant failed to allow him 15 days to object to the Notice of Intention to Impose Claim on Security Deposit [DE 1 at 4] as required under Florida Statutes § 83.49(3). See id. Defendant allegedly sent Plaintiff the notice, along with a check for $557.00, on March 21, 2011. See Notice; Compl. at 1. Plaintiff represents that he filed an objection to the notice on March 23, 2011, by which point "his due process rights had already been denied." Compl. at 2. Therefore,

the Complaint requests "a trial by jury to decide the question of law that pertains to Plaintiff's due process rights within section 83.49(3)(A) and (3)(B), Florida Statutes." Id.

## II. LEGAL STANDARD

Because Plaintiff has not paid a filing fee, the Court conducts a screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Section 1915 reads in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> . . .
>
> (B) the action or appeal--
>    (i)    is frivolous or malicious;
>    (ii)   fails to state a claim on which relief may be granted; or
>    (iii)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[1]  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").  At this stage of litigation, the allegations of a complaint are taken as true and are construed in the light most favorable to the plaintiff.  Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  Notwithstanding, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (quotation omitted).  Also, "Courts have an independent

---

[1] "Section 1915(e) applies to all [*in forma pauperis*] litigants [including] prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories." Mitchell v. Farcass, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Nevertheless, the Court does not have a "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III. DISCUSSION

Plaintiff alleges that he has suffered a violation of the due process clause of the 14th Amendment to the United States Constitution based on Defendant's failure to provide him 15 days to object to the Notice of Intention to Impose Claim on Security Deposit.  See Compl.  The 14th Amendment provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  This clause only governs state action, not private individual action. See id.; see also Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982) ("Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'").  To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible, . . . [and] the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar, 457

U.S. at 937.  "Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." Id.

Defendant in this case, a property management company, is an individual actor, not a state actor.  Plaintiff has alleged no facts demonstrating that Defendant was acting on behalf of the state, in concert with the state, or under the authorization of a state statute.  Accordingly, Plaintiff's due process claim cannot survive because Defendant is not a state actor.  Therefore, the Complaint must be dismissed for failure to state a claim.

The Court notes that an action to recover a security deposit under Florida Statutes § 83.49 is generally filed in state court.  See, e.g., Malagon v. Solari, 566 So. 2d 352 (Fla. Dist. Ct. App. 1990); Durene v. Alcime, 448 So. 2d 1208 (Fla. Dist. Ct. App. 1984).  There is no federal question jurisdiction over such a claim because § 83.29 does not involve a question of federal law.  See 28 U.S.C. §1331.  Though a federal court may assert diversity jurisdiction over a state law claim, see 28 U.S.C. § 1332, there is no diversity jurisdiction here.  Diversity jurisdiction requires an amount in controversy over $75,000, see 28 U.S.C. § 1332(a), and the amount in controversy in this case appears to be only $443.00.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  This Complaint [DE 1] is **DISMISSED without prejudice**;

2. Application to Proceed Without Prepaying Fees or Costs [DE 3] is **DENIED without prejudice**;

3. Any pending motions are hereby **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of May, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:

Torrence W. Allen, *pro se*
109 Royal Park Drive
Apt. 3-D
Oakland Park, FL 33309